# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| A.L.L. CONSTRUCTION, LLC, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No.  4:17-CV-02367-AGF |
| THE METROPOLITAN ST. LOUIS SEWER DISTRICT, et al., | ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) | |

## DEFENDANT BATES UTILITY CO., INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Defendant Bates Utility Co., Inc. (hereinafter "Bates"), by and through the undersigned counsel, and respectfully submits its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint.

1. Defendant Bates admits the allegations set forth in Paragraph 1 of Plaintiff's First Amended Complaint.

2. Defendant Bates admits the allegations set forth in Paragraph 2 of Plaintiff's First Amended Complaint.

3. Defendant Bates admits the allegations set forth in the first sentence of Paragraph 3 of Plaintiff's First Amended Complaint.  Defendant Bates lacks sufficient knowledge or information to admit or deny the remaining allegations and legal conclusions set forth in Paragraph 3 of Plaintiff's First Amended Complaint.  Defendant Bates states that footnote 1 of Paragraph 3 sets forth legal conclusions to which no response is required.  To the extent a response is required, Defendant Bates denies the same.

4. Defendant Bates admits the allegations set forth in Paragraph 4 of Plaintiff's First Amended Complaint.

5. Defendant Bates states that Paragraph 5 of Plaintiff's First Amended Complaint sets forth a pure legal conclusion to which no response is required.

6. Defendant Bates admits that each of the Defendants are residents and/or have their principal place of business within Missouri and within the territorial boundaries of the U.S. District Court for the Eastern District of Missouri. Defendant Bates denies the remaining allegations and legal conclusions set forth in Paragraph 6 of Plaintiff's First Amended Complaint.

7. Defendant Bates admits that Defendants reside and/or have their principal place of business in this division. Defendants Bates denies the remaining allegations and legal conclusions set forth in Paragraph 7 of Plaintiff's First Amended Complaint.

8. Defendant Bates lacks sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 8 of Plaintiff's First Amended Complaint and, therefore, Defendant Bates denies the same.

9. Defendant Bates admits that the language quoted in Paragraph 9 of Plaintiff's First Amended Complaint is set forth on MSD's website.

10. Defendant admits the allegations set forth in Paragraph 10 of Plaintiff's First Amended Complaint. Defendant Bates further states that MSD has procedures for changing MBE utilization, including MBE substitution for a variety of reasons including, but not limited to, circumstances where an MBE is unable to meet the delivery requirements of the contract schedule; the MBE is dilatory in complying with the requirements of the contract documents;

and the type and amount of work to be performed by the MBE is less than what the contractor reasonably assumed at the time of the bid.

11. Defendant Bates lacks sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 11 of Plaintiff's First Amended Complaint and, therefore, Defendant Bates denies the same.

12. Defendant Bates admits the allegations set forth in Paragraph 12 of Plaintiff's First Amended Complaint.

13. Defendant Bates admits that ALL has worked as an MBE subcontractor on MSD projects, but lacks sufficient knowledge and information to admit or deny the remaining allegations set forth in Paragraph 13 of Plaintiff's First Amended Complaint.

14. Defendants Bates denies that ALL has successfully served as a subcontractor on all MSD projects throughout the years. Defendant Bates lacks sufficient knowledge and information to admit or deny the remaining allegations set forth in Paragraph 14 of Plaintiff's First Amended Complaint.

15. Defendant Bates lacks sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 15 of Plaintiff's First Amended Complaint and, therefore, denies the same.

16. Defendant Bates denies that ALL's business relationship with Bates began in October 2015. Defendant Bates admits that ALL has worked with Bates on more than several infrastructure projects for MSD.

17. Defendant Bates admits that certain of the principals of Bates worked as employees/laborers for Affholder Tunneling, but not Instituform Technologies. Defendant Bates lacks sufficient knowledge and information to admit or deny the remaining allegations set forth

1724150.3

in Paragraph 17 of Plaintiff's First Amended Complaint and, therefore, Defendant Bates denies the same.

18. Defendant Bates admits the allegations set forth in Paragraph 18 of Plaintiff's First Amended Complaint.

19. Defendant Bates denies the allegations set forth in Paragraph 19 of Plaintiff's First Amended Complaint.

20. Defendant Bates states that ALL's term "distaste" is a subjective term rather than a factual assertion set forth in a context to which Bates can admit or deny. To the extent a response is required, Bates denies the same.

21. Defendant Bates denies the allegations set forth in Paragraph 21 of Plaintiff's First Amended Complaint.

22. Defendant Bates denies that the allegations set forth in Paragraph 22 are exemplary of the allegations set forth in Paragraph 21 of Plaintiff's First Amended Complaint. Defendant Bates further states that a different MBE subcontractor was substituted for ALL on this project with approval by MSD and the scope of work completed by ALL and the substitute MBE subcontractor has met MSD's MBE goal for such scope of work.

23. Defendant Bates denies that the allegations set forth in Paragraph 23 are exemplary of the allegations set forth in Paragraph 21. Defendant Bates further states that the Caulks Creek project was terminated by MSD due to unforeseen "dewatering" issues and MSD's lack of funding to address same. Defendant Bates only completed approximately 56% of its scope of work before the project was terminated by MSD. Accordingly, ALL's scope of work was not realized. MSD subsequently re-bid this project and the project was awarded to another

prime contractor.  Defendant Bates denies the remaining allegations set forth in Paragraph 23 of Plaintiff's First Amended Complaint.

24. Defendant Bates denies the allegations set forth in Paragraph 24 of Plaintiff's First Amended Complaint.

25. Defendant Bates denies the allegations set forth in Paragraph 25 of Plaintiff's First Amended Complaint.  Defendant Bates further states that Bates paid ALL 104.08% of the MBE scope of work assigned to ALL on the Ladue-141 Crossing project; 165.79% on the Roxbury project; and 187.21% on the Lynkirk project.  On the Gravois Creek and Gingras Creek projects, MSD allowed Bates to substitute ALL with other MBEs and the scope of work completed by ALL and the substitute MBE subcontractors has met the MBE goal for that scope of work.

26. Defendant Bates denies the allegations and legal conclusions set forth in Paragraph 26 of Plaintiff's First Amended Complaint.

27. Defendant Bates admits that ALL was used on MSD bids in 2016.  Defendant Bates denies the remaining allegations set forth in Paragraph 27 of Plaintiff's First Amended Complaint.

28. Defendant Bates denies the allegations set forth in Paragraph 28 of Plaintiff's First Amended Complaint.

29. Defendant Bates denies the allegations set forth in Paragraph 29 of Plaintiff's First Amended Complaint.

30. Defendant Bates denies the allegations set forth in Paragraph 30 of Plaintiff's First Amended Complaint.

31. Defendant Bates denies the allegations set forth in Paragraph 31 of Plaintiff's First Amended Complaint.

32. Defendant Bates lacks sufficient knowledge and information on what ALL "believed." Bates denies that ALL has any good-faith basis for what it alleges to have believed and expressly denies the remaining allegations set forth in Paragraph 32 of the First Amended Complaint.

33. Defendant Bates admits that there were attempts by MSD to resolve issues between Bates and ALL, but Bates denies ALL's characterization of such issues and that Bates refused to address issues. To the contrary, MSD allowed Bates to substitute ALL with other MBE's due to ALL's lack of cooperation.

34. Defendant Bates admits that on or about April 14, 2016, Lumpkins spoke at a public meeting of MSD's Board of Trustees. Bates denies the remaining allegations and legal conclusions set forth in Paragraph 34 of Plaintiff's First Amended Complaint.

35. Defendant Bates admits that on or about April 14, 2016, Lumpkins spoke at a public meeting of MSD's Board of Trustees. Bates denies any basis for what Lumpkins claims to have informed the MSD Board of Trustees and Bates denies the remaining allegations and legal conclusions set forth in Paragraph 35 of Plaintiff's First Amended Complaint.

36. Defendant Bates lacks sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 36 of Plaintiff's First Amended Complaint, but denies what ALL characterizes as being "admitted."

37. Defendant Bates lacks sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 37 of Plaintiff's First Amended Complaint, but Bates denies

any allegations that Bates was circumventing MSD's MBE participation requirements, as alleged in Plaintiff's First Amended Complaint.

38. Defendant Bates denies the allegations set forth in Paragraph 38 of Plaintiff's First Amended Complaint.

39. Defendant Bates admits that it was suspended as a general contractor for one year, but states that it was reinstated prior to one year.  Bates further denies the remaining allegations and specifically denies that it was suspended for actions designed to circumvent MSD's MBE participation requirements in the manner alleged in Plaintiff's First Amended Complaint.

40. Defendants Bates admits that MSD permitted Bates to continue to work on MSD projects for which ALL was originally listed as an MBE, but denies that Bates was not meeting its MBE requirements.  Bates admits that ALL was no longer working on such projects because MSD permitted Bates to substitute ALL with other MBEs because ALL was not cooperating with Bates and MSD on completion of such projects.  The substitute MBEs and Bates have met MSD's MBE requirements.

41. Defendant Bates lacks sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 41 of Plaintiff's First Amended Complaint and, therefore, denies the same.

42. Defendant Bates lacks sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 42 of Plaintiff's First Amended Complaint and, therefore, denies the same.

43. Defendant Bates admits that on June 9, 2016 Lumpkins met with the Trustees. Bates denies or lacks sufficient knowledge and information to admit or deny the remaining

1724150.3

allegations set forth in Paragraph 43 of Plaintiff's First Amended Complaint and specifically denies any basis for complaints regarding Bates.

44. Defendant Bates lacks sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 44 of Plaintiff's First Amended Complaint and, therefore, denies the same. Defendant Bates specifically denies any basis for complaints regarding Bates.

45. Defendant Bates admits that ALL was removed from MSD's Small Contractor Program, but denies that such removal had anything to with Bates. Bates further denies any alleged failure or refusal to comply with MSD's MBE participation requirements as alleged by ALL in its First Amended Complaint.

46. Defendant Bates lacks sufficient knowledge and information to admit or deny the allegations set forth in Paragraph 46 of Plaintiff's First Amended Complaint and, therefore, denies the same.

47. Defendant Bates denies the allegations set forth in Paragraph 47 of Plaintiff's First Amended Complaint.

48. Defendant Bates denies the allegations set forth in Paragraph 48 of Plaintiff's First Amended Complaint.

49. Defendant Bates denies the allegations set forth in Paragraph 49 of Plaintiff's First Amended Complaint.

50-81. Paragraphs 50 through 81 of Plaintiff's First Amended Complaint are directed against the MSD Board of Trustees and relate to the Jay Dee/Deer Creek project allegations which were dismissed by the Court's Order dated April 5, 2018. Because these allegations are not directed against Bates and are the subject of the Court's dismissal order, no response is required. To the extent a response is required, Bates either lacks sufficient knowledge or

information to respond or otherwise denies the allegations and legal conclusions set forth in Paragraphs 50 through 81 of Plaintiff's First Amended Complaint.

### COUNT I – ACTION PURSUANT TO 42 U.S.C. § 1983
### (AGAINST TRUSTEES AND MSD)

82-95. Paragraphs 82 through 95 are directed against MSD and the MSD Board of Trustees and, therefore, no response is required.  To the extent a response is required, Bates denies the allegations and legal conclusions set forth therein and Bates expressly denies any suggestion of Bates being "non-compliant," "potentially engaging in fraud," "a sham" or circumventing MBE requirements as it relates to the manner of ALL's allegations in the First Amended Complaint.

### COUNT II – ACTION UNDER 42 U.S.C. § 1981
### (AGAINST ALL DEFENDANTS)

96. Defendant Bates restates its responses to the preceding paragraphs and incorporates them herein by reference as and for its response to Paragraph 96 of Plaintiff's First Amended Complaint.

97. Defendant Bates admits that Plaintiff's sole member, owner and president is African-American.  Bates denies the remainder of the allegations set forth in Paragraph 97 of Plaintiff's First Amended Complaint as a legal conclusion.

98. Defendant Bates lacks sufficient knowledge or information to admit or deny the allegation and legal conclusion set forth in Paragraph 98 of Plaintiff's First Amended Complaint.

99. Defendant Bates admits that Plaintiff acted as a subcontractor of Bates on numerous projects for MSD.  Bates denies the remaining allegations and legal conclusions set forth in Paragraph 99 of Plaintiff's First Amended Complaint.

1724150.3

100. Defendant Bates denies the allegations set forth in Paragraph 100 of Plaintiff's First Amended Complaint.

101. Defendant Bates denies the allegations set forth in Paragraph 101 of Plaintiff's First Amended Complaint.

102. Defendant Bates denies the allegations set forth in Paragraph 102 of Plaintiff's First Amended Complaint.

103. Defendant Bates denies the allegations set forth in Paragraph 103 of Plaintiff's First Amended Complaint.

104. Defendant Bates denies the allegations set forth in Paragraph 104 of Plaintiff's First Amended Complaint.

105. Defendant Bates denies the allegations set forth in Paragraph 105 of Plaintiff's First Amended Complaint.

106. Defendant Bates denies the allegations set forth in Paragraph 106 of Plaintiff's First Amended Complaint.

107. Defendant Bates denies the allegations set forth in Paragraph 107 of Plaintiff's First Amended Complaint.

**AFFIRMATIVE DEFENSES**

Further answering and in the alternative, Defendant Bates states the following affirmative defenses:

1. As and for its first affirmative defense, Bates states that Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted.

2. As and for its second affirmative defense, Bates states that Plaintiff's inability to complete the scope of work assigned to it on certain MSD projects was not the result of

purposeful discrimination or racially motivated conduct on the part of Bates, but rather the result of Plaintiff's own conduct, work performance, and lack of cooperation on such projects, resulting in MSD's approval of substitute MBEs to complete such scope of work.

3. As and for its third affirmative defense, Bates states that Plaintiff's First Amended Complaint seeks entitlement to work reserved or set-aside for a specified racial group and such theory fails under a Section 1981 claim. Section 1981 does not create a private right of action for alleged non-compliance with an MBE program.

4. As and for its fourth affirmative defense, Bates states that Plaintiff's First Amended Complaint is barred by the doctrine of estoppel in that Plaintiff engaged in conduct inconsistent with its current claims when Plaintiff refused to respond to inquiries from Bates and MSD related to the completion of certain projects, resulting in MSD's approval of substitute MBE's to complete such projects.

5. As and for its fifth affirmative defense, Bates states that Plaintiff's First Amended Complaint is barred by the doctrine of waiver and release in that Plaintiff refused to respond to inquiries of MSD and Bates related to the completion of certain projects, resulting in MSD's approval of substitute MBE's to complete such projects.

6. As and for its sixth affirmative defense, Bates states that Plaintiff's First Amended Complaint is barred by the doctrines of concurrence, acquiescence, confirmation and/or ratification in that Plaintiff refused to respond to inquiries from MSD and Bates related to the completion of certain projects, resulting in MSD's approval of substitute MBE's to complete such projects.

7. As and for its seventh affirmative defense, Bates states that Plaintiff's First Amended Complaint fails for lack of subject matter jurisdiction and standing to the extent

Plaintiff is asserting the alleged rights of Anton Lumpkins, an individual, or other persons and entities. Plaintiff cannot assert the alleged rights of another as the basis of its claims.

8. As and for its eighth affirmative defense, Bates states that Plaintiff's First Amended Complaint is barred by Plaintiff's failure to comply with the administrative remedies, procedures and time limitations set forth in Section 12.110 of MSD's Charter.

9. As and for its ninth affirmative defense, Bates states that Plaintiff's First Amended Complaint is barred by the doctrine of laches.

10. As and for its tenth affirmative defense, Bates states that Plaintiff's First Amended Complaint is barred by the doctrine of unclean hands.

11. As and for its eleventh affirmative defense, Bates states that Plaintiff has failed to mitigate its damages, if any.

12. As and for its twelfth affirmative defense, Bates states that Plaintiff fails to state a claim upon which relief can be granted for aggravating circumstances or punitive damages.

13. As and for its thirteenth affirmative defense, Bates states that any claim for punitive damages (or for aggravating circumstances) in this cause is unconstitutional and in violation of Defendant's right to due process and equal protection of the Fifth and Fourteenth Amendments to the Constitution of the United States, and the same or similar guarantees of the Constitution of the State of Missouri, including, but not limited to, Article I, § 10. The law of punitive damages (aggravating circumstances) unconstitutional for the further reason that it permits the imposition of unlimited punitive damages in violation of the excessive fines provision of the Eighth Amendment to the United States Constitution and the Constitution of the State of Missouri; it permits the imposition of unlimited punitive damages without adequate prior notice of what conduct may render a defendant liable, and without notice of the punishment to be

imposed; it permits the imposition of unlimited punitive damages to punish defendant without constitutional protection, including, but not limited to, the requirement of proof beyond a reasonable doubt or other standard of proof exceeding a preponderance of the evidence, the prohibition against double jeopardy and *ex post facto* laws in violation of Article I, § 9, and the Fifth, Sixth, and Fourteenth Amendments to United States Constitution and like provisions of the Constitution of the State of Missouri; it permits punishment to be measured by the net or financial worth of a defendant and thereby permits imposition of a greater punishment on defendants with larger net worth and permits dissimilar treatment of similarly situated defendants, all in violation of the equal protection provision of the Fourteenth Amendment of the United States Constitution and like provision of the Constitution of the State of Missouri; and it shields and obstructs the fundamental right of access to the Court to defend claims against it in violation of the First, Ninth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Missouri.

14.     As and for its fourteenth affirmative defense, Plaintiff's claims for punitive damages and/or aggravating circumstances cannot be sustained because any award of punitive damages without bifurcating the trial and trying all punitive damages issues only if and after liability on the merits has been found, would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the Constitution of the State of Missouri, Article I, Section 10, and would be improper under the common law and the public policies of the State of Missouri and under applicable Rules of Court and Statutes of the State of Missouri.

15. As and for its fifteenth affirmative defense, Bates states that Plaintiff's damages, if any, were directly caused or contributed to be caused by the acts and omissions of Plaintiff or the acts and omissions of persons over whom Bates had no right to control.

16. As and for its sixteenth affirmative defense, Bates states that Plaintiff's damages, if any, were caused by Plaintiff's own comparative fault or the comparative fault of others over whom Defendant Bates had no control.

17. As and for its seventeenth affirmative defense, Bates states that Plaintiff's First Amended Complaint is barred by the doctrine of unjust enrichment.

18. As and for its eighteenth affirmative defense, Bates states that Plaintiff's First Amended Complaint is barred by the doctrine of impossibility/commercial frustration and Plaintiff's hindering Defendant's alleged performance of the MSD projects at issue.

19. As and for its nineteenth affirmative defense, Bates states that Plaintiff's First Amended Complaint is barred by Plaintiff's prior material breaches and lack of performance.

20. As and for its twentieth affirmative defense, Bates states that Plaintiff's First Amended Complaint is barred because all decisions made regarding Plaintiff's work for Bates were made for legitimate, non-discriminatory and non-pretextual reasons.

21. As and for its twenty-first affirmative defense, Bates states that it did not commit the acts or omissions as alleged in the First Amended Complaint, but assuming that it did, such acts or omissions would have been taken in any event for legitimate, non-discriminatory and non-pretextual reasons.

22. Further answering, Defendant Bates reserves the right to supplement, or amend its affirmative and other defenses, and/or to add additional affirmative or other defenses, as discovery progresses and/or to conform the theories and evidence.

1724150.3

23. Further answering, Defendant Bates hereby adopts and incorporates all affirmative defenses raised by the other Defendants in this matter as applicable to Defendant Bates, including any and all applicable governmental and official immunities raised therein which may be construed to extend to Defendant Bates.

WHEREFORE, having fully answered Plaintiff's First Amended Complaint, Defendant Bates requests this Court to dismiss Plaintiff's claims or otherwise enter judgment in favor of Bates and against Plaintiff, and for such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        GREENSFELDER, HEMKER & GALE, P.C.

By:   */s/ Kevin F. Hormuth*
      Kevin F. Hormuth, #48165
      Ronnie L. White, II, #67165
      Audrie R. Howard, #69144
      10 South Broadway, Suite 2000
      St. Louis, MO  63102
      T: 314-241-9090
      F: 314-241-3643
      kfh@greensfelder.com
      rwhite@greensfelder.com
      ahoward@greensfelder.com

*Attorneys for Defendant Bates Utility Company*

1724150.3

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that the foregoing was served on the following counsel of record via the Court's electronic case filing system on the 25th day of April, 2018.

| | |
|---|---|
| Lynette M. Petruska | Debbie S. Champion |
| J.C. Pleban | Victor H. Essen, II |
| Pleban & Petruska Law, L.L.C. | Rynearson Suess Schnurbusch |
| 2010 South Big Bend Blvd. |   Champion, LLC |
| St. Louis, MO  63117 | 500 North Broadway, Suite 1550 |
| lpetruska@plebanlaw.com | St. Louis, MO   63102 |
| jc@plebanlaw.com | dchamption@rssclar.scom |
| | vessen@rssclaw.com |
| | |
| *Attorneys for Plaintiff* | *Attorneys for Defendants MSD and MSD Trustees* |

                                                                                 */s/ Kevin F. Hormuth*