IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| A.L.L. CONSTRUCTION, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No: 4:17-CV-02367-AGF |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| THE METROPOLITAN ST. LOUIS | ) | |
| SEWER DISTRICT, JAMES FAUL, RUBY | ) | |
| BONNER, REV. RONALD BOBO, | ) | |
| MICHAEL YATES, and JAMES I. SINGER, | ) | |
| in their individual capacities as the Board of | ) | |
| Trustees of the Metropolitan St. Louis Sewer | ) | |
| District, | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF JAMES I. SINGER

I, James I. Singer, of lawful age and being duly sworn upon my oath, state that the facts

following are true to the best of my knowledge, information and belief:

1.     I have personal knowledge of all matters set forth in this affidavit.

2.     I was a member Trustee of the Board of Trustees (hereinafter "the Board") of the

Metropolitan St. Louis Sewer District (hereinafter "the District") during the time period relevant

to the occurrences referred to in the First Amended Complaint.

3.     Individual Trustees of the District do not set policy for the District.

4.     To the extent that the Trustees are responsible for setting the policy of the

District, they set it when they act as members of the Board and vote to adopt an ordinance for the

District.

EXHIBIT

B

5.    Although the Board has the power to set policy for the District when the Board votes, the Board has largely delegated responsibility for all day-to-day operations of the District to the Executive Director.

6.    As a Trustee, I was aware of the existence of a program at the District known as the Small Contractor Program.

7.    However, the Small Contractor Program was at all relevant times limited to infrastructure repair contracts that involved amounts less than $25,000.

8.    Consequently, Board action was not required with respect to the administration of the Small Contractor Program or the administration of the individual contracts for work performed through the Small Contractor Program.

9.    The staff of the District was entirely responsible for administering the Small Contractor Program.

10.    I, as an individual Trustee, have no role, and never have had a role, in the administration of the Small Contractor Program.

11.    I, as an individual Trustee, have no role, and never had a role, in determining what contractors are approved to be part of the Small Contractor Program.

12.    I, as an individual Trustee, have no role, and never have had a role, in determining what contractors are removed or suspended from the Small Contractor Program.

13.    I have never recommended or requested the use of a particular contractor in the Small Contractor Program.

14.    I have never recommended or requested the removal or suspension of any contractor from the Small Contractor Program.

2

15.     I am aware that A.L.L. Construction, L.L.C. (hereinafter "A.L.L.") was removed from the District's Small Contractor Program at the beginning of June 2016.

16.     I am aware that I would have received the June 3, 2016 e-mail from Brian Hoelscher, the District's Executive Director regarding the decision of the District's staff to remove A.L.L.

17.     However, I do not now recall receiving the June 3, 2016 e-mail at the time it would have been sent.

18.     I have no recollection of any member of the District's staff discussing the removal and/or suspension of A.L.L. from the Small Contractor Program with me before the removal or suspension would have occurred.

19.     Furthermore, it would not have been part of my role as an individual Trustee to approve or disapprove of the decision of the staff to remove a contractor from the District's Small Contractor Program.

20.     I do know that I took no action to approve of or disapprove of any decision of the staff to remove A.L.L. from the Small Contractor Program before A.L.L. before A.L.L. was removed from the Small Contractor Program.

21.     I also know that I never took any action to have A.L.L. removed from the Small Contractor Program at any time for any reason either directly or indirectly, by asking District staff to take such action.

22.     My first personal recollection of learning about A.L.L.'s removal from the Small Contractor Program would have been after the date of the June 10, 2016 correspondence from Brad Nevois, the District's Assistant Director of Engineering-Design when I believe the staff provided this correspondence to the Trustees.

3

23.     I have attached a copy of the June 10, 2016 correspondence to which I refer as Exhibit B.

24.     I have, however, reviewed the June 3, 2016 e-mail attached hereto as Exhibit A for the purpose of making this Affidavit.

25.     The reasons for the decision of the staff to remove A.L.L. from the Small Contractor Program set forth in the June 3, 2016 e-mail are, in my view, a reasonable basis for the staff to remove A.L.L. from the Small Contractor Program.

26.     I have no reason to believe that any information that had been provided by the staff relative to the staff's decision to remove A.L.L. from the Small Contractor Program was inaccurate.

27.     I have no reason to believe that the staff had any motive to retaliate against A.L.L. for any improper reason in coming to the decision to remove A.L.L. from the Small Contractor Program.

28.     I have no reason to believe that the comments of Anton Lumpkins to the Board on April 14, 2016 in any way motivated the decision of the District's staff to remove A.L.L. from the Small Contractor Program.

29.     I have no reason to believe that the removal of A.L.L. from the Small Contractor Program would have violated any of A.L.L.'s constitutional rights, and I did not and do not believe that A.L.L.'s removal from the Small Contractor Program violated A.L.L.'s constitutional rights.

Further affiant sayeth not.

SUBSCRIBED and sworn to before me, a Notary Public, this _2nd_ day of

_May_ 2018.

Notary Public

My Commission Expires:

THERESA A. NORATH
Notary Public - Notary Seal
State of Missouri
Commissioned for St. Louis County
My Commission Expires: December 09, 2021

5

**Susan Myers**

| | |
|---|---|
| **From:** | Brian Hoelscher |
| **Sent:** | Friday, June 03, 2016 2:05 PM |
| **To:** | Michael Yates (michael@iuoe148.com); jfaul@hghllc.net; Rev. Ronald L. Bobo Sr. (rlbobo454@aol.com); Reverend Lauren Hickman (lahickman@westsidembc.org); Annette Mandel; James I. Singer (jis@schuchatcw.com); 'Ruby L. Bonner' |
| **Cc:** | Rich Unverferth; Marie Collins; Vicki Taylor Edwards; Shonnah Paredes; Susan Myers; Tamara Minley-Clinton |
| **Subject:** | CONFIDENTIAL Status of A.L.L. Construction, Anton Lumpkins |

Trustees, because Anton Lumpkins of A.L.L. spoke directly to the Board of Trustees at a public meeting, I wanted to keep you informed as to where we are with this company. At Anton's request, I met with him after he spoke to the Board of Trustees. I will keep the Board updated as this situation progresses.

<u>Small Sewer Program</u>

A history of A.L.L.'s performance is outlined below if you are interested in reading the details. I am very familiar with this company as many of the issues occurred while I was the Director of Engineering. Because of the below, sanctions will again be taken against A.L.L. This will include suspension from the small sewer program for a year. A.L.L. will be reminded they have the right to re-apply before the year is up, but they will have to have resolved all issues on the existing projects to our satisfaction and will have to demonstrate what actions they have taken to correct their deficiencies. Anton has been told sanctions will be imposed and staff will be sending an official correspondence in the near future. Anton, as we have experienced in the past, claimed that this was some form of retaliation.

<u>Projects with Bates Utility Company</u>

As you recall, Bates Utility Company has also been suspended for bidding for a year under the same conditions as described above. Bates Utility has become responsive in trying to resolve issues with A.L.L. However, A.L.L. has now become very non-responsive in trying to resolve the scope of involvement on 4 capital projects where A.L.L. is under contract to perform as a sub-contractor. It is possible that MSD may get to the point where we would allow Bates Utility the option of replacing A.L.L. with another African-American company in order to meet their contract commitments.

Again, I will keep the Board updated as this issue continues.

**From:** Rich Unverferth
**Sent:** Friday, June 03, 2016 10:43 AM
**To:** Brian Hoelscher
**Subject:** CONFIDENTAIL - A.L.L. - Proposed removal from MSD Small Contractor Repair Program

Brian,

Per our discussion, below is a timeline and events leading to the proposed removal of A.L.L. Construction from the program:

- It appears from records that ALL started work in the formal under $25 K program around 2009, although there were various less formal forms of the program prior to that time. I am certain he had performed work prior to this.

1



EXHIBIT
A

- In 2012 MSD had begun to see a pattern from them which included: not calling for inspections, submitting undocumented and unauthorized change orders and requests for payment, failure to start work on time requiring MSD to go to second bidders. During that time his work seemed to be OK.
- MSD met with him in late September 2012 and followed up with a letter over our concerns over the above items.
- In early 2013 a project (Aston Court) went bad on them which required MSD to hire other contractors to complete the work and compensate a homeowner for restoration work that ALL failed to complete.
- During that same project payments to ALL were being garnished by his vendors and by the Unions.
- During that same time we removed him from 3 projects which he had failed to start within 2 months.
- In June 24, 2014 ALL was removed from the bidders list for failure to renew his certificate of insurance.
- In August of 2014 ALL met with MSD to determine what was needed to return to the program, necessary administrative need and discussions on previous issues were discussed.
- In January 2015 ALL submitted necessary paperwork and was reinstated to the program
- 4/6/15 –Notice sent to ALL that they had failed to respond to at least 7 bid requests since being reinstated
- 6/5/2015 –Won first job since being reinstated
- In late 2015 began to see a similar pattern of behavior on some projects such as: attempted to connect a lateral to mainline suing corrugated black drain tile (unacceptable), inspector was able to catch the construction before it was covered up. Another project included invoice submitted for extra $1200 change order not agreed upon, was not paid.
- 11/2/15 –Won 6th Job 723 Summer Top Circle – A project similar to Aston court, ALL was dealing with poor soil conditions (for which he was compensated), but during construction the homeowner's sprinkler system and invisible dog fence were damaged, a concrete slab next to a stair was replaced numerous times due to poor workmanship. We are still receiving complaints from property owner for not being compensated for making repairs (approximately ($1800), the owner is still not satisfied with concrete stoop. Situation still unresolved as of 6-3-16.
- (2/18/16 –Awarded 10th Job Since Reinstatement – see timeline below which precipitated our suggested removal from the program

## 1226 Dunloe Timeline
1. Job awarded on 2/17 (bid docs attached)
2. Wednesday, March 30, 2016 (email and pics attached)
   a. Email from Tom Newport with pics from Monday, March 28, at 12:00pm. This was the first time Tom had been called to the site, by Reggie Weisley from ALL.
   b. The pipe connecting to the manhole had been backfilled and so could not be inspected.
3. Wednesday, April 13, 2016
   a. At this point, MSD's concern was only that the job had not been inspected. We had no reason to believe it had been done incorrectly. We were only going to have ALL expose the connections to the manhole. There was also a house lateral in this area, and it was not clear how any of this had been done.
   b. Tom had Ops CCTV the main and manhole. It was discovered that no drop had been installed. The main was reconnected in some unknown fashion outside of the manhole.
4. Thursday, April 14, 2016 (pics attached)
   a. Steve V. met Tom on site. The manhole consisted of a poured concrete bottom and precast risers. Steve witnessed and confirmed that the MH had been installed incorrectly with no drop. Additionally, the invert was too small to allow for insertion of MSD crawler, and water was leaking up through the invert. It was decided that the invert could not be salvaged and the entire job would have to be redone.
5. Tuesday, April 19, 2016 (email attached)

    a. Meeting held in Rich's office around 1:15 PM with Shonnah Paredes, Steve Valli, Mike Buechter, Brad Nevois. Decided to give ALL chance to replace the manhole, or to pay them for the MH sections that would be reusable.

    b. Call placed to Anton Lumpkins, directly after meeting, by Mike and Steve to discuss this project. Call was ended before the conversation was finished.

    c. Mike sent an email to ALL outlining above options, including reconstructing the manhole entirely by May 13 if ALL is to be paid and remain on the small IR bidding list.

6. Monday, April 25, 2016
    a. Mike returns Anton Lumpkin's call and sends an email reiterating the requirements and May 13 date related to this project. At this point it had still not been started.

7. Tuesday, April 26, 2016
    a. Email from Paul Klages to Tom Newport from homeowner at 1226 Dunloe. Angry that mud washed from job site into her driveway.

8. Wednesday, April 27
    a. ALL cleans up mud from driveway

9. Tuesday, May 3
    a. Project to replace the MH begins

10. Tuesday, May 31 (pics attached from 5/20 and 5/27)
    a. Meeting with ALL over job that is still not complete

11. A meeting was held with MR. Lumpkins on Tuesday May 31 notifying him that he was being removed from the program (see Draft follow up to discussion below. This has not been sent. The meeting did not go well.

**Summary**

34 total jobs awarded 8/10/10 – Present (off list from 6/13 – 1/15)

Total of 12 jobs awarded since reinstatement in January 2015

4 jobs have had serious issues

3 have had serious issues with the quality of work

Angry homeowners

Incomplete restoration

Incorrect installations that had to be redone (2 occasions)

1 was violation of the change order process which was clearly spelled out as a condition of re-entry to the program



**Metropolitan
St. Louis Sewer
District**

2350 Market Street
St. Louis, MO 63103-2555
(314) 768-6200
www.stlmsd.com

June 10, 2016

Mr. Anton Lumpkins
ALL Construction LLC
3821 Melba Place
St. Louis, MO 63121

Sent via email to: allconstr2@sbcglobal.net
Date: 06/10/2016
Hard Copy Mailed

RE:  Small Contractor Program Removal

Several MSD staff met with you at the District office's on Tuesday, May 31, 2016, in regards to a pattern of poor performance related to MSD's Small Contractor Program. This ongoing pattern of poor performance is unacceptable and is the reason that you are being removed from the Small Contractor Program for a period of one year.

While this decision is due to a pattern of poor performance on several projects, two recent projects remain unresolved, namely 1226 Dunloe Road and 722 Summer Top Circle. Both property owners are justifiably upset on these projects and MSD has chosen to resolve these projects outside your company.

### 1226 Dunloe Rd. (WO# 3416175)
Below is a summary of the timeline for the 1226 Dunloe Road project.
- February 10, 2016 - Bid from ALL was accepted for a DROP manhole
- February 19, 2016 - Notice to Proceed given
- March 21, 2016 - ALL started installing manhole, inspector never notified
- March 28, 2016 – ALL contacted MSD inspector for the first time, project nearly complete
- March 30, 2016 – ALL sent in invoice for work in an amount $600 greater than bid
- April 13, 2016 – MSD performed inspection / CCTV
  - No drop was put in for the drop manhole
  - 7 foot of pipe needed to be replaced
  - Lateral connection could not be found
  - Invert of manhole very poorly done
- April 19, 2016 – MSD placed phone call to Mr. Lumpkins, told to correct deficiencies by May 13th
- April 25, 2016 – Follow up phone call with Mr. Lumpkins regarding the deficiencies that need to be resolved by May 13th
- April 26, 2016 – Email from angry homeowner, mud on driveway
- April 27, 2016 – ALL cleans mud off driveway
- May 3, 2016 – ALL begins work to correct deficiencies
- May 31, 2016 – Meeting with Mr. Lumkins, project still not complete, ALL notified that they being removed from program



EXHIBIT

B

MSD RFP 846

     o  Sod installation found unacceptable

Several items related to your company's performance on this job are considered unacceptable and violate the basic rules of being part of the Small Contractor Program:

- Work was started before notifying the MSD inspector
- Manhole was originally installed without a drop
- Invoice sent in for more than bid amount, no extra approved
- Failure to adequately protect private / public property
- Improper installation of sod
- Failure to meet completion date associated with remediation plan

Most of these items have been pointed out to you as deficiencies in your company's performance several times on other projects and demonstrate a pattern or poor performance. The date of May 13th was provided to complete the project correctly and with proper inspection by MSD personnel. As of May 31st, the project remained incomplete. At no time during this period did you inform MSD that the date would not be met. MSD has estimated that there is $1,500 of re-sodding that must be redone. Due to your company's inability to complete this project, and homeowner dissatisfaction with your company's performance we have chosen to complete the remainder of the work with another company. This $1,500 will be deducted from the final payment for this project.

**722 Summer Top Circle (WO# 3220911)**
October 27, 2015 - Bid from ALL accepted
November 2, 2015 - Notice to Proceed given
January 13, 2016 – MSD issued check for entire outstanding amount
February - May 2016 – Restoration work occurred at various times
May 19, 2016 – Property owner reaches out to MSD, ALL not paying claims, concrete unacceptable
Early June – ALL replaces small concrete slab again, homeowner very upset

Several issues remain outstanding on this project dealing with damage to the property owner's improvements and your company's inability to adequately replace a concrete slab. These items have been detailed to you by MSD and the property owner, several times. These items are consistent with the pattern of poor performance MSD has seen from your company. MSD made full payment late last year, with the assumption the remainder of the restoration work would be completed when the weather improved in the spring. Two previous attempts have been made by your company to replace a small concrete slab. Additionally, a dog fence and sprinkler system were damaged by your company during construction. ALL instructed the homeowner to have the repairs completed and that he would be reimbursed. The property owner is quite upset and requested that your company not return to his property. At this point there is $2,588.74 outstanding, including an estimate of the concrete work yet to be completed and outstanding property claims by the owner for the dog fence and sprinkler system. Again, MSD has chosen to complete the remainder of the work outside the original work order. The $2,588.74 will be deducted from the final payment for 1226 Dunloe Rd. as discussed above.

MSD shows no other outstanding work orders with your company beyond these two. If you feel you have other outstanding claims these should be brought to my attention immediately. Below are the details related to a settlement payment in the amount of $15,161.26 to resolve these last two outstanding work orders. Should you feel this settlement is incorrect, you should contact me before June 15, 2016, otherwise the final payment will be sent to your office.

| | |
|---|---|
| 1226 Dunloe Road – Bid Amount | $19,250.00 |
| Outstanding Sod Replacement – 1226 Dunloe Road | $1,500.00 |
| Outstanding Dog Fence Claim – 722 Summer Top | $108.74 |
| Outstanding Sprinkler Claim – 722 Summer Top | $1,680.00 |
| Outstanding Slab Replacement – 722 Summer Top | $800.00 |
| **Settlement Payment** | **$15,161.26** |

Accordingly, your company has been removed from the Small Contractor Program for one year beginning June 15, 2016. Your company can reapply to the program before the year is up, but MSD will be looking for you to demonstrate what actions have been taken to correct your performance deficiencies. These deficiencies include: poor quality work, work not completed in accordance with MSD Standard Construction Specifications, not notifying MSD inspectors in a timely fashion, the protection of private property and failure to complete work by deadlines. Please note that these deficiencies extend beyond the two projects referenced above.

Should your company be readmitted to the Program, it will be limited to working on only one project at a time until your company can show the ability to consistently perform at an acceptable level. It will be expected that all projects be completed according to District standards, properly inspected, invoiced, and constructed to an acceptable quality of workmanship.

MSD takes pride in the successes of the Small Contractor Program. The Program is designed in a way to assist small contractors in learning the sewer business and provide increased opportunity to small and minority companies all while delivering quality small repairs to our system. Your company now has been removed from the Program for the second time. Please take this opportunity to concentrate on addressing the performance issues pointed out here and feel free to contact me if you have questions.

Sincerely,

Brad Nevois (blnevo@stlmsd.com or 314.768.2731)
Assistant Director of Engineering - Design
Metropolitan St. Louis Sewer District

ec.   Rich Unverferth / Director of Engineering / MSD
       Michael Buechter / Manager of Project Design / MSD
       Shonnah Paredes / Manager of Diversity Programs/ MSD