IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| A.L.L. CONSTRUCTION, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No: 4:17-CV-02367-AGF |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| THE METROPOLITAN ST. LOUIS | ) | |
| SEWER DISTRICT, JAMES FAUL, RUBY | ) | |
| BONNER, REV. RONALD BOBO, | ) | |
| MICHAEL YATES, and JAMES I. SINGER, | ) | |
| in their individual capacities as the Board of | ) | |
| Trustees of the Metropolitan St. Louis Sewer | ) | |
| District, | ) | |
| | ) | |
| Defendants. | ) | |

**TRUSTEE DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION TO GRANT ADDITIONAL TIME FOR PLAINTIFF TO CONDUCT
DISCOVERY BEFORE RESPONDING TO THE TRUSTEE DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT**

COME NOW Defendants, James Faul, Ruby Bonner, Rev. Ronald Bobo, Michael Yates,

and James I. Singer (hereinafter collectively referred to as "the Trustees"), by and through the

undersigned counsel, and for their Memorandum in Opposition to Plaintiff's Motion to Grant

Additional Time for Plaintiff to Conduct Discovery before Responding to the Trustee

Defendants' Motion for Summary Judgment, state as follows:

## I.   INTRODUCTION

Plaintiff A.L.L. Construction, LLC's Motion to Grant Additional Time for Plaintiff to

Conduct Discovery before Responding to the Trustee Defendants' Motion for Summary

Judgment should be denied.  The Motion is brought under Fed. R. Civ. P. 56(d).  In the

circumstances of this case where the Trustees have asserted a qualified immunity defense, the

law does not favor granting the motion that Plaintiff A.L.L. Construction, LLC (hereinafter

"A.L.L.") has filed.   Looking to the specific contentions in A.L.L.'s Motion, it is clear that A.L.L. has not met its burden under Fed. R. Civ. P. 56(d) to set forth specific facts that it believes discovery will allow it to establish.   Furthermore, the issue that the Trustees' Motion for Summary Judgment presents is an issue of law; and, consequently, discovery is unlikely to assist any party in resolving the matter.

## II.  ARGUMENT

**A.  In the circumstances of this case, the law does not favor A.L.L.'s request for an extension of time to conduct discovery and prior to responding to the Trustee's Motion for Summary Judgment.**

In the circumstances of this case, the law does not favor A.L.L.'s request for an extension of time to conduct discovery and prior to responding to the Trustee's Motion for Summary Judgment.   First, A.L.L. has an initial burden to establish its right to discovery and the deferral of a ruling on the Motion for Summary Judgment under Fed. R. Civ. P. 56(d).   Second, the normal burden under Fed. R. Civ. P. 56(d) is higher in cases involving a qualified immunity defense because qualified immunity is not just immunity from liability, it is an immunity from suit and the burdens of litigation generally.

Under Fed. R. Civ. P. 56(d), A.L.L. has the burden to establish its right to defer ruling on the Motion for Summary Judgment by showing that there are some specific facts that discovery will support to justify its opposition to the Motion for Summary Judgment.   The rule itself states that the non-movant must show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to the Motion for Summary Judgment.   Fed. R. Civ. P. 56(d).   The rule "is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is

meritorious." Duffy v. Wolle, 123 F.3d 1026, 1040 (8th Cir. 1997) (discussing prior rule 56(f)). Similarly, the rule "does not condone a fishing expedition." Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997) (discussing prior Rule 56(f)). Rather, "the party opposing summary judgment is required to file an affidavit with the district court showing what specific facts further discovery might uncover." Anuforo v. C.I.R., 614 F.3d 799, 808 (8th Cir. 2010). The burden is to show some specific fact at issue that discovery might allow the non-movant to establish.

Second, the ordinary burden on a non-movant is greater on a Motion for Summary Judgment addressing qualified immunity. A court's discretion "must be limited when a summary judgment motion is based on qualified immunity because insubstantial lawsuits 'against government officials [should] be resolved *prior to discovery and on summary judgment if possible*.'" Jones v. City and County of Denver, Colo., 854 F.2d 1206, 1211 (10th Cir. 1988) (citing Anderson v. Creighton, 485 U.S. 635, 640 n. 2 (1987)). This is so because "[q]ualified immunity protects government officials from the costs of trial *and the burdens of broad discovery*." Wilson v. Northcutt, 441 F.3d 586, 590 (8th Cir. 2006). Consequently, A.L.L. has a heavy burden of setting forth specific facts that would warrant discovery to allow A.L.L. to proceed with discovery against the Trustees in this case.

**B. A.L.L. has not met the burden under Fed. R. Civ. P. 56(d) to allow discovery in this case because it has failed to show specific facts that discovery might uncover to support its opposition to the Trustees' Motion for Summary Judgment.**

A.L.L. has not met the burden under Fed. R. Civ. P. 56(d) to allow discovery in this case because it has failed to show specific facts that discovery might uncover to support its opposition to the Trustees' Motion for Summary Judgment. A.L.L.'s position seems to be that it has no facts or evidence to support a cause of action against the Trustees, and that it can only generate

such facts through discovery.  Such a claim does not meet the burden imposed under Fed. R. Civ. P. 56(d) because the standard on a motion under Fed. R. Civ. P. 56(d) is whether there are specific facts that A.L.L. can articulate that discovery will allow it to support.  Importantly, looking to the specific contentions that A.L.L. cites to support its position under Fed. R. Civ. P. 56(d), it is apparent that A.L.L. has simply failed to meet its burden on this Motion.

Simply put, A.L.L.'s position in its Motion is that it can only generate facts to support its claims against the individual Trustees through discovery.   In paragraph 24 of its Motion, A.L.L. claims that:

> Discovery will show: (1) that the Defendants (who have final policymaking authority) participated in and/or ratified the decision to remove ALL from the Small Contractor Program because of its exercise of its 1st Amendment rights, making them liable for such action, and (2) that ALL complied with the requirements of the Small Contractor Program and was only removed from it in June 2016 in retaliation for its protected speech in April 2016.

A.L.L. states clearly in this paragraph that it has no facts or evidence to support a cause of action against the individual Trustees.  It is not pointing to some specific concrete fact that it believes discovery will allow it to support.  A.L.L. is simply telling the Court in a general way that it might be able to prove a claim against the individual Trustees if it is allowed a chance to conduct discovery.

A.L.L.'s position in paragraph 24 of its Motion simply fails to meet the burden Fed. R. Civ. P. 56(d) imposes on it.  A.L.L. must set forth in its affidavit specific facts that discovery might allow it to prove against the individual Trustees.  A.L.L. has not done that.  Instead, A.L.L.

4

is proposing nothing more than an open-ended "fishing expedition" to allow it some opportunity to develop a case against the Trustees.  That is not permissible.

Looking to the specific circumstances of this case and A.L.L.'s contentions in more detail, it is evident that A.L.L.'s request for an extension of time to allow discovery is not well-taken.  First, A.L.L. should not be allowed an opportunity to delay the decision on the Trustees' Motion for Summary Judgment because A.L.L. has functionally had pre-suit discovery in this case with respect to the documents that Defendant the Metropolitan St. Louis Sewer District (hereinafter "the District") possesses concerning the allegations of the First Amended Complaint. A.L.L. attempts to argue that it does not have access to the documents at issue in this case. However, A.L.L. quietly admits in its Motion that it obtained documents from the District pursuant to the Missouri Sunshine Act, V.A.M.S. § 610.010 et seq. (2018).  See A.L.L.'s Motion at Footnote 1.  The extensive requests that A.L.L. made beginning on December 16, 2016 are set forth in the attachments to the Affidavit of Tim R. Snoke, the District's Secretary-Treasurer, attached to this Memorandum.   A.L.L. had ample opportunity to request whatever it liked concerning the Deer Creek Project and its removal from the Small Contractor Program.  A.L.L.'s contention that it does not have access to the documents at issue in this case is meritless.

A.L.L. even has items that it pointedly claims were never produced pursuant to its various requests.  In paragraph 17 of its Motion, A.L.L. claims that the District withheld copies of photographs of the 1226 Dunloe Road project from it.  However, it is evident that A.L.L. *actually does* possess the photographs that the District has of the 1226 Dunloe Road project. A.L.L. produced copies of the photographs as part of its Rule 26 Disclosures in this case.  See the attached photographs with A.L.L.'s Bates numbering and the Affidavit of Steven Valli attached hereto.  A.L.L. clearly has access to these materials.  A.L.L. does not specify any other

5

document attached to or relevant to the Trustees' Motion for Summary Judgment to which A.L.L. does not have ready access.  Therefore, there is no basis to allow A.L.L. to conduct written discovery with respect to the Trustees.

Second, A.L.L. should not be allowed to defer a ruling on the Motion for Summary Judgment to conduct discovery because A.L.L. admits that it has no evidence to support the conclusion that the Trustees had anything to do with A.L.L.'s removal from the Small Contractor Program.  In paragraph 15 of its Motion, A.L.L. complains that:

> Defendants support their summary judgment motion with nine (9) declarations: Defendants James I. Singer, Michael Yates, James Faul, Ruby Bonner, Rev. Ronald Bobo, as well as District employees Michael T. Buechter, Steven Valli, Brad Nevois, and Richard L. Unverferth.  Plaintiff cannot dispute their purported "undisputed" facts, particularly their claim that the Trustees were not involved in ALL's removal from the Small Contractor Program without the benefit of discovery.

This is an admission that, even after its Sunshine Act requests, A.L.L. has no evidence that links the individual Trustees to the removal of A.L.L. from the Small Contractor Program.  The only utility of discovery on this issue would be the hope that these witnesses contradict their affidavits in depositions.  That is simply not a proper basis to defer the ruling on the Motion for Summary Judgment.  A.L.L. cannot identify any specific fact that discovery might reveal to support the claim that the Trustees had some involvement in A.L.L.'s removal from the Small Contractor Program.  A.L.L.'s claims do not meet A.L.L.'s burden under Fed. R. Civ. P. 56(d).

Third, A.L.L.'s claim that a June 7, 2016 e-mail supports its contention that the Trustees may have had some involvement in the removal of A.L.L. from the Small Contractor Program does not support A.L.L.'s position.  Tellingly, A.L.L. does not attach the e-mail to its Motion.

The e-mail *is* attached to this Memorandum. A review of the text of the e-mail does not suggest that the Trustees in this case had any role in A.L.L.'s removal from the Small Contractor Program. The e-mail only explains that Brad Nevois's draft correspondence to A.L.L. varied from the original suggested correspondence to A.L.L. found in the text of the June 3, 2016 e-mail discussed at length and attached to the Trustees Motion for Summary Judgment. This does not support the conclusion that the Trustees were involved in the removal of A.L.L. from the Small Contractor Program. More importantly, it does not set out any specific facts that A.L.L. could prove to controvert the facts supporting the Motion for Summary Judgment.

Fourth, A.L.L.'s Motion under Fed. R. Civ. P. 56(d) should be denied because A.L.L. does not require discovery to controvert the allegation that A.L.L. failed to comply with the requirements of the Small Contractor Program. In paragraph 24, A.L.L. claims that it requires discovery to support its contention that it complied with the requirements of Small Contractor Program. If A.L.L. had in fact complied with the requirements of the Small Contractor Program, it would seem fairly easy for A.L.L. to provide an affidavit to that effect. As an example, the Court should consider the 1226 Dunloe Road project. In the Trustees' Motion for Summary Judgment, there are many facts to support the contention that A.L.L. failed to meet the District's basic requirements for the work on that project. If that is not the case, A.L.L., as the contractor responsible for the work, is in an excellent position to mobilize evidence to support the contention that its work complied with the District's requirements. Furthermore, even if A.L.L. did not have immediate access to evidence to support the claim that it complied with the District's requirements, one would expect A.L.L. to be able to articulate some specific facts that it expected discovery would allow it to prove. However, A.L.L. has not set forth any such facts in its affidavit and motion.

7

A.L.L.'s Motion should be denied.  It is clear that A.L.L. cannot meet its burden under Fed. R. Civ. P. 56(d).  A.L.L. does not have any evidence of liability on the part of the Trustees and cannot clearly articulate any specific facts that discovery would allow it to prove to justify A.L.L.'s opposition to the Trustees Motion for Summary Judgment.  Even when one considers the specific contentions in A.L.L.'s Motion, it is apparent that discovery with respect to the Trustees in this matter would be futile.  A.L.L. has access to the information and documents that the Defendants in this case possess.

**C. A.L.L.'s Motion under Fed. R. Civ. P. 56(d) should be denied because the question at issue in the Trustees' Motion for Summary Judgment is fundamentally a legal question.**

A.L.L.'s Motion under Fed. R. Civ. P. 56(d) should be denied because the question at issue in the Trustees' Motion for Summary Judgment is fundamentally a legal question.  The issue on the Trustees' Motion for Summary Judgment is whether the Trustees are entitled to qualified immunity given the circumstances of this case.  This is a question of law.  In the context of this case, it does not require a detailed analysis of the facts.  Discovery is, therefore, unlikely to aid any response to the Trustees' Motion for Summary Judgment.  Consequently, A.L.L.'s Motion should be denied.

An analysis of qualified immunity is fundamentally a question of law.  "Qualified immunity shields a government official from suit when his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Scott v. Tempelmeyer, 867 F.3d 1067, 1070 (8th Cir. 2017) (internal citations and quotations omitted).  "We decide whether a government official is entitled to qualified immunity by conducting a two-prong inquiry, examining (1) whether the facts that a plaintiff has alleged make

out a violation of a constitutional right and (2) whether the constitutional right violated was clearly established at the time of defendant's alleged misconduct." Sisney v. Reisch, 674 F.3d 839, 844 (8th Cir. 2012) (internal quotations omitted). "Whether qualified immunity can be invoked turns on the 'objective legal reasonableness' of the official's acts." Ziglar v. Abbasi, 137 S.Ct. 1843, 1866 (2017) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 819 (1982). "[Q]ualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Id. at 1867 (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986)). "To determine whether a given officer falls into either of those two categories, a court must ask whether it would have been clear to a reasonable officer that the alleged conduct 'was unlawful in the situation he confronted.'" Id. (quoting Suacier v. Katz, 533 U.S. 194, 202 (2001)). This is fundamentally a question of law.

In the context of this case, it is clear that the application of the qualified immunity analysis is a legal issue that does not require discovery. The Trustees had no role in any decision to remove A.L.L. from the Small Contractor Program. They merely received notice of the decision on June 3, 2016 after the decision had been discussed with A.L.L. on May 31, 2016. Moreover, it is clear that they had no authority or mechanism by which to make decisions with respect to the Small Contractor Program because it involved contracts for amounts less than $25,000. A.L.L. does not seriously dispute either of these points. The question, then, is simply whether a reasonable official in the position of any one of the Trustees would have known that he or she had violated a constitutional right of A.L.L. after receiving the June 3, 2016 e-mail based on the information that had been provided in the e-mail. This requires the application of law to facts that no one disputes. Importantly, the details concerning A.L.L.'s failure to comply with the requirements of the Small Contractor Program and/or the motives of the District's staff

9

are not directly relevant to the analysis.  The question is simply whether the information that confronted the individual Trustees would have led a reasonable official to conclude that he or she was violating A.L.L.'s constitutional rights.  As a result, the real issue is whether the information that the District's staff provided to the individual Trustees in the June 3, 2016 e-mail would have provided good cause for the removal of A.L.L. from the Small Contractor Program.  Obviously, it would have.  Additional facts are not necessary for this analysis.  Discovery is, therefore, unnecessary, and A.L.L.'s Motion under Fed. R. Civ. P. 56(d) should be denied.

### III. CONCLUSION

A.L.L.'s Motion under Fed. Civ. P. 56(d) to allow discovery prior to responding to the Trustees' Motion for Summary should be denied.  In a case like this, where qualified immunity is at issue, A.L.L. has a heavy burden to overcome to allow it an opportunity to conduct discovery prior to the decision of a motion for summary judgment.  Here, it is evident that A.L.L. has not met that burden because A.L.L. has failed to set forth any specific facts that it could establish through discovery that would justify its opposition to the Trustees Motion for Summary Judgment as required.  Moreover, the qualified immunity issue is a question of law about the objective reasonableness of the Trustees' acts.  Discovery would not aid the analysis.  A.L.L. has failed to establish its right to defer a ruling on the Trustees' Motion for Summary Judgment and to conduct discovery.

WHEREFORE, Defendants James Faul, Ruby Bonner, Rev. Ronald Bobo, Michael Yates, and James I. Singer pray that this Court denies Plaintiff's Motion to Grant Additional Time for Plaintiff to Conduct Discovery before Responding to the Trustee Defendants' Motion for Summary Judgment, and for such other and further relief this Court deems necessary and proper under the circumstances.

**RYNEARSON, SUESS, SCHNURBUSCH & CHAMPION, LLC**.

BY:    /s/ Victor H. Essen, II

Debbie S. Champion,    #38637
Victor H. Essen, II    #57629
500 North Broadway, Suite 1550
St. Louis, MO 63102
314-421-4430 / FAX: 314-421-4431
dchampion@rssclaw.com
vessen@rssclaw.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of the foregoing was sent via the Court's electronic filing system on this 30th day of May 2018 to:

C. John Pleban
Lynette M. Petruska
Steven R. Kratky
PLEBAN & PETRUSKA LAW, LLC
2010 S. Big Bend Blvd.
St. Louis, MO 63117
314-645-6666 / FAX: 314-645-7376
cpleban@plebanlaw.com
lpetruska@plebanlaw.com
sktratky@plebanlaw.com
*Attorneys for Plaintiff*

Kevin F. Hormuth
Ronnie L. White, II
Audrie R. Howard
GREENSFELDER, HEMKER & GALE, P.C.
10 South Broadway, Suite 2000
St. Louis, MO 63102
314-241-9090 / FAX: 314-241-3643
kfh@greensfelder.com
rwhite@greensfelder.com
ahoward@greensfelder.com
*Attorneys for Defendant Bates Utility Company*

/s/ Victor H. Essen, II