IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| A.L.L. CONSTRUCTION, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:17-CV-02367-AGF |
| | ) |
| THE METROPOLITAN ST. LOUIS | ) |
| SEWER DISTRICT, et al. | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF ITS
MOTION, AFFIDAVIT, AND SUPPORTING LEGAL MEMORANDUM
TO GRANT ADDITIONAL TIME FOR PLAINTIFF TO CONDUCT
DISCOVERY BEFORE RESPONDING TO THE TRUSTEE
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**I.   INTRODUCTION**

On May 11, 2018, Defendants James Faul, Ruby Bonner, Rev. Ronald Bobo, Michael Yates, and James I. Singer, the members of the MSD Board of Trustees named as defendants in this action, filed their Motion for Summary Judgment (Doc. 70), supporting statement of purported uncontroverted material facts (Doc. 72), and supporting brief (Doc. 71). On May 23, 2018, Plaintiff filed its Motion, Affidavit, and Supporting Legal Memorandum to Grant Additional Time for Plaintiff to Conduct Discovery Before Responding to Trustee Defendants' Motion for Summary Judgment (Doc. 73).  On May 30, 2018, the Trustee Defendants filed their Memorandum in Opposition to Plaintiff's Motion to Grant Additional Time for Plaintiff to Conduct Discovery Before Responding to the Trustee Defendants' Motion for Summary Judgment (Doc. 74) (hereinafter "Defendants' Memorandum").  For the reasons discussed below, Plaintiff's should be granted the opportunity to conduct limited discovery

related to Defendants' qualified immunity claim before responding to their dispositive motion.

## II.     ANALYSIS

### A. The Question at Issue In Defendants' Summary Judgment Motion Is Not Fundamentally a Legal Question but One in Which the Application of the Law is Dependent Upon the Resolution of Disputed Facts

Plaintiff addresses whether the qualified immunity issue is "fundamentally a legal question", as Defendants claim, first because it agrees that if this is the case, discovery would be unnecessary. In Section II(C) of Defendants' Memorandum (pp. 8-10), they argue that this Court should deny Plaintiff's motion because the qualified immunity issue they have raised is a question of law "given the circumstances of this case." The circumstances of this case are the facts, which are in dispute, and therefore, the issue before this Court is not "fundamentally a legal question." If facts were not required for this Court to resolve the qualified immunity question, Defendants would have filed a motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). They did not. They filed a motion for summary judgment, with a 73 paragraph Statement of Uncontroverted Material Facts in Support of Their Motion for Summary Judgment (Doc. 72). This shows that the resolution of the qualified immunity issue is dependent upon certain factual findings, and therefore, the issue before this court is not fundamentally a legal one.

The Trustees' summary judgment motion relies on two sets of disputed facts: (1) that the trustees did not and could not participate in the decision to remove ALL from the Small Contractor Program and (2) ALL was removed from the Small Contractor Program for good cause related to its performance. Whether the Trustees had a role in the removal of ALL from the Small Contractor Program is a question of fact, not a legal issue as Defendants argue. See Defendants' Memorandum, p. 9. At page 10 of the Defendants' Memorandum, they further

argue that "the real issue is whether the information that the District's staff provided to the individual Trustees in the June 3, 2016 email provided good cause for the removal of ALL from the Small Contractor Program."  If the Trustees had no role in the removal of ALL from the Small Contractor Program, as they claim, there would be no reason to provide them with good cause for this removal.  The Trustees own conflicting arguments show why discovery is necessary in this case.  Essentially, Defendants want this Court to resolve their summary judgment motion without the benefit of discovery because this is the only way that they can claim that their facts are undisputed.

In considering a motion for summary judgment, a district court must review "the facts and inferences in the light most favorable to the party opposing summary judgment. *Craighead v. Lee*, 399 F.3d 954, 960 (8th Cir. 2005).  Therefore, the denial of summary judgment is proper, even when qualified immunity is asserted, when there are genuine issues of material fact in dispute related to this immunity. *Id.*  Plaintiff is not requesting unlimited discovery before responding to the Trustees' summary judgment motion but discovery designed to address the factual issues raised by Defendants in support of their motion.  The 8th Circuit Court of Appeals has recognized that such discovery "is sometimes appropriate 'to resolve the qualified immunity question.'" *Solomon v. Petray,* 795 F.3d 777, 791 (8th Cir. 2015) (quoting *Technical Ordinance, Inc. v. United States,* 244 F.3d 641, 647 (8th Cir. 2001)).  This approach was taken in *In re Scott v. United States,* 2011 U.S. Dist. LEXIS 49983 *15-16 (E.D. Mo. May 10, 2011) in which the district court permitted limited discovery related to the qualified immunity issue.  See also *Rollins v. City of Albert Lea,* 2015 U.S. Dist. LEXIS 166999, *9-10 (D. Minn. December 14, 2015).  Because factual disputes must be determined to address the legal issues raised by the Trustees, Plaintiff's motion for additional time to engage in limited discovery related to the

3

qualified immunity issue should be granted.

>  B.  **ALL Has Met Its Burden in This Case by Showing Specific Facts the Discovery Would Uncover to Support Its Opposition to the Trustees' Summary Judgment Motion**

Summary judgment is proper only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Jackson v. United Parcel Service, Inc.*, 643 F.3d 1081, 1085 (8th Cir. 2011). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id.* While the court must review the record as a whole, it must also "disregard all evidence favorable to the moving party that the jury is not required to believe." *Reeves v. Sanderson Plumbing Products. Inc.,* 530 U.S. 133, 151 (2000). In qualified immunity cases, this usually means adopting the plaintiff's version of the facts. *Moore v. Indehar,* 514 F.3d 756, 758 (8th Cir. 2008). When the record creates a question of fact as to whose testimony to believe, summary judgment is inappropriate. *Id.* at 762-62.

The Trustees want this Court to believe that they played no role in ALL's constitutional deprivation because they did not and could not participate in the decision to remove ALL from the Small Contractor Program shortly after its protected speech. As discussed in ALL's motion for discovery, the Trustees have already admitted that they caused MSD staff to remove ALL from the Deer Creek Tunnel Project because of its protected speech, even though this was another decision in which they purportedly could have no role. MSD staff communicated with the Trustees about ALL's removal from the Small Contractor Program, even though there would be no reason for doing so if they had no role and could not have any role in this decision. After communicating with the Trustees, the terms of ALL's removal from the Small Contractor

Program changed. At this time, ALL knows that one change that occurred after communication with the Trustees was that the 6-month removal became a one year removal from the program. Therefore, there is reason to believe the Trustees participated in the decision to remove ALL from the program, despite their claims to the contrary. ALL believes that document discovery of all written communications between/amongst MSD staff and/or the Trustees related to its removal from the Small Contractor Program (not just those Defendants chose to provide in response to a Sunshine Law request), followed by limited depositions, will show the Trustees' participation in this decision.

Permitting this discovery serves the same purpose as permitting discovery in *Heglund v. Atkin County,* 2015 U.S. Dist. LEXIS 69092 (D. Minn. May 22, 2015). In *Heglund,* defendant City argued that an affidavit filed in support of summary judgment conclusively established that an officer's acts did not violate the Driver's Privacy Protection Act. Plaintiff requested depositions of the officer and his supervisor to show that her driver's license information was accessed for an impermissible purpose. *Id.* at *8-9. Even though the court noted that this may be difficult to prove, given the amount of time that had passed and the officer's affidavit stating he could not remember the specific reason he accessed plaintiff's information, the court nonetheless held that limited discovery should be permitted to fully address the fact issues related to the qualified immunity claim. *Id.* at *9-10. The same is true in this case. While the Trustees have claimed that they had no role in the removal of ALL from the Small Contractor Program, limited document and deposition discovery is likely to refute this claim. Otherwise, there would be no reason to communicate with the Trustees at all about ALL's removal from the Small Contractor Program.

Additionally, supervisors, like the Trustees, can be liable for constitutional deprivations

when the evidence shows that the "superior had actual knowledge that his subordinates caused deprivations of constitutional rights and that he demonstrated deliberate indifference or 'tacit authorization' of the offensive acts by failing to take steps to remedy them." *Pool v. Mo. Dep't of Corr. & Human Res.,* 883 F.2d 640, 645 (8th Cir. 1989). Here MSD minutes show that Lumpkins went to the Trustees on June 9, 2016 and reported that ALL was being retaliated against by its removal front the Small Contractor Program because of its protected speech. This was the day before MSD's letter removing it from the program dated June 10, 2018. Evidence shows that the Trustees knew about MSD's plan to remove ALL from the Small Contractor Program and that ALL claimed this was retaliatory. Limited discovery (Board depositions) will show that the Trustees were deliberately indifferent to or tacitly authorized this violation of ALL's 1st Amendment rights by failing to take steps to remedy this illegal retaliation known to it.

      The Trustees argue that the retaliatory motives of the District's staff "are not directly relevant to the analysis" of Trustee liability. Defendants' Memorandum, pp. 9-10. However, this is not the case. If the District staff acted with a retaliatory animus because of ALL's exercise of its 1st Amendment rights and the Trustees did nothing, particularly when ALL told them it was being retaliated against, the Trustees could be liable under the cat's paw theory. To show causation through the cat's paw theory, the plaintiff must show that the ultimate decisionmaker followed a biased recommendation by MSD staff. See *Staub v. Proctor Hosp.*, 562 U.S. 411, 421, 131 S. Ct. 1186, 1193, 179 L. Ed. 2d 144 (2011). Defendants claims that MSD staff recommended ALL's removal from the Small Contractor Program. This was done shortly after ALL's protected speech, despite its participation in the program for years without issue or problem. There is no evidence that the Trustees investigated ALL's retaliation claim when they participated in, tacitly authorized, or were deliberately indifferent to this retaliation.

6

Therefore, the staff's motive in removing ALL from the Small Contractor Program shortly after its protected speech, is equally at issue in resolving the Trustees' motion.

The Trustees also argue that ALL should be denied discovery because it obtained documents pursuant to a Sunshine Law request prior to this litigation. Plaintiff noted this in its motion. Defendants do not dispute that they identified documents as relevant to this proceeding in their Initial Disclosures but never produced these documents to Plaintiff, except to the extent used to support their own summary judgment motion. As Defendants' Memorandum Exhibit A shows, many documents ALL requested pursuant to its Sunshine Law request were not provided because of the exorbitant fee charged by MSD ($2,500.00). A party should not be permitted to chose only those documents it wishes to disclose before the other party is required to respond to a dispositive motion.

The Trustees further claim that MSD provided ALL with the photographs depicting the problems with the 1226 Dunloe Road project. Defendants' Memorandum, p. 5. This is not the case: the photographs produced by the Trustees as Exhibit B to Defendants' Memorandum do not include all of the photographs that MSD showed to Lumpkins prior to his removal front the Small Contractor Program, which he requested from MSD. This evidence was not provided in response to Plaintiff's Sunshine Law request either, according to Lumpkins. MSD does not claim that it produced **all** photographs related to the manhole replacement at 1226 Dunloe Road in Mr. Valli's affidavit, just that Exhibit B are photos related to the Dunloe Road project. Defendants' Memorandum, Exhibit C. This evidence would show that MSD began making false claims about Plaintiff' work after its protected speech, and therefore, the Trustees claim that ALL was removed from the Small Contractor Program because of performance issues is not credible.

Contrary to the Trustees claim, it is **not** ALL's position that it has no facts or evidence to support its First Amendment retaliation claim against the Trustees.  Defendants' Memorandum, pp. 3-4 & 6. Rather, it is Plaintiff's position that it cannot effectively respond to the Trustees' dispositive motion without the benefit of limited discovery related to the facts Defendants have put at issue in their motion.  Specifically, all documents, to include communications, relating to ALL's removal from the Small Contractor Program and all documents (to include all photos) supporting the problems ALL purportedly had with the program, followed by limited depositions of the Trustees related to these issues.   Without this discovery, Defendants facts will be undisputed only because Plaintiff has been denied the opportunity to conduct discovery related to the facts that Defendants have put at issue.

ALL has also identified the specific facts it believes that this discovery will allow it to establish to oppose Defendants' summary judgment motion: (1) that the trustees participated in or ratified (by their deliberate indifference or tacit authorization) the decision to remove ALL from the Small Contractor Program because of its protected speech and (2)  that ALL was not removed from the Small Contractor Program because of performance issues, but because of its protected speech.  Defendants argue that ALL can address this latter fact without the benefit of discovery because it was the contractor responsible for the work.  It has been said that a picture is worth a thousand words, particularly a picture that addresses credibility issues.  ALL cannot effectively respond to Defendants' motion without the limited discovery requested.

    **C.**    **The Circumstances of this Case Support ALL's Request for Limited Discovery to Respond the Facts Presented by Defendants In Support of Their Summary Judgment Motion**

ALL does not dispute that a district court looks more carefully at a request for discovery before responding to a dispositive motion when qualified immunity is put at issue.  However,

8

this does not mean that no discovery is permitted when a defendant raises qualified immunity claims.  Otherwise, plaintiffs would be effectively prevented from proving their claims by the magic words "qualified immunity."  As set forth above, the 8th Circuit has recognized that limited discovery is sometimes appropriate to resolve the qualified immunity question.  *Solomon*, 795 F.3d. at 791 (quoting *Technical Ordinance, Inc.* 244 F.3d at 647)).  This is particularly true when the qualified immunity question is based upon disputed facts and not "fundamentally a legal question."  Therefore, the circumstances of this case support the Court permitting Plaintiff to engage in limited discovery before responding to Defendants' dispositive motion.

### III.  CONCLUSION

For the reasons set forth herein and in Plaintiff's motion for additional time to conduct discovery before this Court rules on the Trustees' dispositive motion, Plaintiff should be permitted to conduct limited discovery related to the facts put at issues by Defendants in their summary judgment motion.

Respectfully submitted,

**PLEBAN & PETRUSKA LAW, L.L.C.**


By: /s/ Lynette M. Petruska
Lynette M. Petruska, #41212MO
lpetruska@plebanlaw.com
2010 S. Big Bend Blvd.
St. Louis, MO  63117
Telephone:  (314) 645-6666
Facsimile:   (314) 645-7376

Attorneys for Plaintiff

9

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that this document was filed through the electronic filing system and will be sent electronically to all counsel of record this 6th day of June, 2018.

                                        /s/ Lynette M. Petruska