UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| A.L.L. CONSTRUCTION, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:17-cv-02367-AGF |
| ) | |
| METROPOLITAN ST. LOUIS SEWER ) | |
| DISTRICT; JAMES FAUL, RUBY ) | |
| BONNER, RONALD BOBO, MICHAEL ) | |
| YATES, and JAMES I. SINGER, in their ) | |
| individual capacities as members of the ) | |
| Board of Trustees of the Metropolitan St. ) | |
| Louis Sewer District; and BATES ) | |
| UTILITY CO., INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion (ECF No. 73) of Plaintiff A.L.L. Construction, LLC ("ALL") and affidavit of Plaintiff's attorney, pursuant to Federal Rule of Civil procedure 56(d), asking the Court to continue consideration of the summary judgment motion (ECF No. 70) filed by Defendants[1] pending further discovery. Defendants have oppoaws Plaintiff's request, arguing that Plaintiff has not satisfied the specificity requirements of Rule 56(d) or shown that discovery is necessary to respond to the summary judgment motion, which asserts a claim of qualified immunity.

---

[1] The motion was filed by Defendants James Fault, Ruby Bonner, Rev. Ronald Bobo, Michael Yates, and James I. Singer, all members of the Metropolitan St. Louis Sewer District's ("MSD") Board of Trustees (herein referred to as "Defendants").

The Court's Case Management Order in this case contemplated resolution of any motion for qualified immunity before discovery commenced, based on the principle that the issue of qualified immunity should be resolved as early as possible and on Defendants' representation that such motion would present a question of law for determination. However, now that Defendants have filed their motion for summary judgment based on qualified immunity, and upon review of that motion, the Court concludes that the motion relies heavily on factual issues that have not yet been subject to discovery. These factual issues include the extent of Defendants' involvement in the Small Contractor Program and ALL's removal therefrom, as well as the reason(s) for such removal.

Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). Because "[t]he purpose of Rule 56(d) is to provide an additional safeguard against an improvident or premature grant of summary judgment," courts have held that "the rule should be applied with a spirit of liberality," particularly where, as here, the case is still in the very early stages. *Rummel v. Massachusetts Mut. Life Ins. Co.*, No. 4:13 CV 1743 RWS, 2014 WL 1116741, at *1 (E.D. Mo. Mar. 20, 2014) (citations omitted).

Upon careful consideration of the parties' briefs and the authorities cited therein, the Court concludes that Plaintiff has made a sufficient showing that it cannot present facts essential to justify its opposition to the summary judgment motion. The Court will

ask thus ask the parties to submit a joint proposed schedule for this case which gives Plaintiff until October 22, 2018 to conduct whatever discovery it believes is necessary to respond to the summary judgment motion. The Court will follow the usual practice under Rule 56(d), which is to deny Defendants' motion for summary judgment without prejudice to reapply after Plaintiff has conducted this discovery. *See* 10B Charles Alan Wright & Arthur R. Miller, et al., Federal Practice and Procedure § 2740 (4th ed.).

At that time, Defendants may refile their motion for summary judgment, and may advise the Court that they wish to incorporate by reference their previously filed statement of facts and memorandum in support thereof, or may file a new such statement and memorandum. The Court will give Plaintiff 28 days to respond to the motion, and the Court will not grant any further request under Rule 56(d) by Plaintiff absent a showing with specificity that additional discovery is required to respond to the motion, and good cause why such discovery has not been completed.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for additional time to conduct discovery before responding to Defendants' motion for summary judgment is **GRANTED**. ECF No. 73.

**IT IS FURTHER ORDERED** that the motion for summary judgment filed by Defendants James Faul, Ruby Bonner, Ronald Bobo, Michael Yates, and James I. Singer is **DENIED without prejudice**. ECF No. 70.

**IT IS FURTHER ORDERED** that the parties shall meet and confer and shall, no later than **7 days** from the date of this Memorandum and Order, file a joint proposed

schedule for the remainder of the litigation, which provides that Defendants may refile their motion for summary judgment addressing qualified immunity, either incorporating by reference their previously filed statement of facts and memorandum in support thereof or attaching a new supporting statement and memorandum, no earlier than **October 22, 2018**. As set forth above, Plaintiff's response shall be due no later than 28 days after such a motion is filed; any reply shall be due no later than 14 days thereafter.

**IT IS FURTHER ORDERED** that the joint proposed schedule shall also address all other outstanding deadlines in this case, including a proposed date for referral to Alternative Dispute Resolution, and a proposed trial date.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 20th day of June, 2018.