IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| A.L.L. CONSTRUCTION, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Case No: 4:17-CV-02367-AGF |
| | ) **JURY TRIAL DEMANDED** |
| THE METROPOLITAN ST. LOUIS SEWER DISTRICT, JAMES FAUL, RUBY BONNER, REV. RONALD BOBO, MICHAEL YATES, and JAMES I. SINGER, | ) |
| and | ) |
| BATES UTILITY CO., INC., | ) |
| Defendants. | ) |

**JOINT PROPOSED SCHEDULING PLAN**

COME NOW the parties pursuant to this Court's Order dated June 20, 2018 (doc. 76) and submit the following Proposed Scheduling Plan, which is submitted in two parts to address the discovery contemplated by the Court's June 20, 2018 Order to address the MSD Defendants qualified immunity claim, as well as a general schedule to prepare this case for trial.

**I.    General Proposed Scheduling Plan**

The parties agree to the following proposed scheduling plan to prepare this case for trial:

1.   The parties will disclose information and exchange documents pursuant to Federal Rule Civil Procedure 26(a)(1) by July 13, 2018.

2.    All amendments to the pleadings and joinder of additional parties shall be made by October 8, 2018.

3.    The disclosure or discovery of electronically stored information shall be handled by the parties on an ongoing basis, as necessary, based upon the availability and/or existence of

electronically stored information, if any.

4. The party asserting a claim of privilege shall initially handle such claims through the production of a privilege log, which need not include privileged post-lawsuit communications. The parties anticipate the need to protect certain documents through the issuance of an appropriate protective order from the Court, which will be jointly filed on or before the date of the Case Management Conference.

5. Plaintiff shall disclose expert witness identities and reports by February 8, 2019.

6. Plaintiff shall make his expert witnesses available for deposition by March 12, 2019.

7. Defendants shall disclose the identity of their expert witnesses and reports by April 12, 2019.

8. Defendants shall make their expert witnesses available for deposition by May 13, 2019.

9. The parties agree that the presumptive limit of twenty-five (25) interrogatories and ten depositions per party should apply in this case. Depositions will be scheduled by mutual agreement of the parties.

10. The parties do not anticipate making a request for physical or mental examination pursuant to Rule 35 of the Federal Rules of Civil Procedure in this case.

11. All discovery will be completed by May 31, 2019, with the further understanding that any outstanding discovery issues will be addressed by motion no later than June 11, 2019.

12. The parties are not aware of any other matters pertinent to the completion of discovery in this case.

13. The parties believe that referral of this action to mediation in September 2018

may be beneficial.

14. Any dispositive motions shall be filed no later than July 1, 2019, with any response to such motion filed no later than July 29, 2019. Any reply shall be filed on or before August 13, 2019, if the Court believes this provides adequate time to rule on any dispositive motions.

15. The parties believe that the earliest date which this case should be expected to be ready for trial is November 11, 2019. The parties expect that the trial will last at least 5 days.

## II. Schedule Related to MSD Defendants' Qualified Immunity Claim

1. Per the Court's Order of June 20, 2018, Defendants may refile their motion for summary judgment addressing qualified immunity, either incorporating by reference their previously filed statement of facts and memorandum in support thereof or attaching a new supporting statement and memorandum, no earlier than **October 22, 2018**.

2. Plaintiff shall complete all discovery necessary for Plaintiff to respond to the qualified immunity issue by October 22, 2018.

3. To the extent that the deposition of any witness or party is taken prior to October 22, 2018, Plaintiff may inquire on issues reasonably related to the claims before the Court in addition to those that directly relate to qualified immunity. However, to the extent that Plaintiff deposes any such witnesses, Plaintiff may not re-depose those witnesses on any subject after October 22, 2018 without leave of the Court upon showing of substantial need for the said deposition.

Respectfully submitted,

PLEBAN & PETRUSKA LAW, LLC

By:       /s/ Lynette M. Petruska
Lynette M. Petruska, Mo. Bar No. 41212
lpetruska@plebanlaw.com
J.C. Pleban, Mo. Bar No. 63166
JC@plebanlaw.com
Steven R. Kratky, #61442
skratky@plebanlaw.com
2010 South Big Bend Blvd.
St. Louis, MO  63117
(314) 645-6666 - Telephone
(314) 645-7376 - Facsimile
Attorneys for Plaintiff

RYNEARSON SUESS, SCHNURBUSCH
& CHAMPION

By:       /s/ Victor H. Essen
Debbis S. Champion, Mo. Bar. No. 38367
dchampion@rssclaw.com
Victor H. Essen, II, Mo. Bar. No. 57629
vessen@rssclaw.com
500 N. Broadway, Suite 1550
St. Louis, MO 63102
(314) 421-4430 - Telephone
(314) 421-4431 – Facsimile
Attorneys for MSD Defendants

GREENSFELDER, HEMKER & GALE, P.C.

By:       /s/ Kevin F. Hormuth
Kevin F. Hormuth, #48165
Ronnie L. White, II, #67165
Audrie R. Howard, #69144
10 South Broadway, Suite 2000
St. Louis, MO 63102
T: 314-241-9090
F: 314-241-3643
kfh@greensfelder.com
rwhite@greensfelder.com
ahoward@greensfelder.com
Attorneys for Defendant Bates Utility Company

4