IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| A.L.L. CONSTRUCTION, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:17-CV-02367-AGF ) |
| THE METROPOLITAN ST. LOUIS SEWER DISTRICT, et al | ) ) ) |
| Defendants. | ) ) |

**MOTION TO COMPEL DISCOVERY
DIRECTED TO MSD DEFENDANTS**

COMES NOW Plaintiff, by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 37(a) and Local Rule 37-3.04, hereby moves the Court to compel discovery responses, and in support thereof, states the following:

1. Plaintiff served its First Set of Interrogatories to Defendants The Metropolitan St. Louis Sewer District, James Faul, Ruby Bonner, Rev. Ronald Bobo, Michael Yates, and James I. Singer (collectively, the "MSD Defendants") and a First Request for Production of Documents to the MSD Defendants (together, these interrogatories and requests for production are hereinafter the "Discovery at Issue") on July 6, 2018. *See* Interrogatories to MSD ("Exhibit 1"), Interrogatories to Trustees ("Exhibit 2"), and Requests for Production to MSD Defendants ("Exhibit 3").

2. The MSD Defendants responded individually, but utilized identical objections, with the individualized responses being served over a span of several days. Specifically, MSD Defendants produced discovery responses as follows:

    a. August 17, 2018: MSD Defendants' Objections to First Interrogatories ("Exhibit 4"), and MSD Defendants' Objections to First Request for Production ("Exhibit 5");

    b. August 20, 2018: Defendant James I Singer's Answers and Responses to the Discovery at Issue ("Exhibit 6");

    c. August 21, 2018: Defendant Michael Yates' Answers and Responses to the Discovery at Issue ("Exhibit 7");

    d. August 24, 2018: Defendant James Faul's Answers and Responses to the Discovery at Issue ("Exhibit 8"); Defendant Ruby Bonner's Answers and Responses to the Discovery at Issue ("Exhibit 9");

    e. August 27, 2018: Defendant The Metropolitan St. Louis Sewer District's Answers to Plaintiff's Interrogatories ("Exhibit 10");

    f. September 5, 2018: Defendant Rev. Ronald Bobo's Answers and Responses to the Discovery at Issue ("Exhibit 11").

3. MSD Defendants' responses to the Discovery at Issue constituted largely boilerplate, obstructionist objections, and did not provide any meaningful responses.

4. On August 28, 2018, in an effort to remedy this discovery disagreement Plaintiff's counsel served upon Defendant's counsel a "golden rule letter", outlining in specific detail why the MSD Defendants' discovery responses were deficient. ("Exhibit 12"). As set forth in greater detail in Exhibit 12, which is incorporated by this reference as if set forth fully herein, MSD Defendants' objected to virtually all of the Discovery at Issue on the basis of "relevance" grounds without providing any particular reasons as to why any request is irrelevant, and cited "work product" and attorney-client privilege to virtually every request as well, which is implausible in

its own right but compounded by the fact that no privilege log was produced to verify whether those privileges were properly asserted.

5. On September 6, 2018, the parties' counsel (Steven R. Kratky and Victor H. Essen, II) held a roughly 30-minute telephone conference beginning at 1:57p.m. in further good faith efforts to resolve these discovery disputes. While Defendants' counsel did agree to provide some further documents, MSD Defendants were not able to clearly articulate what documents would be forthcoming, or even a date certain by which they could be produced, and a total agreement could not be reached satisfactory to both sides.

6. As of the time of this filing, MSD Defendants have not served any additional discovery.

7. The parties do still dispute the scope of the Discovery at Issue, specifically the MSD Defendants believe that much of it is not relevant to Plaintiff's remaining claims. As Plaintiff pointed out in its "golden rule" correspondence, MSD Defendants failed to give any *reasons* why any of the Discovery at Issue was "irrelevant" or "unduly burdensome," or any of the other boilerplate objections they advanced in response, which violates the Rules of Civil Procedure. *St. Paul Reinsurance Co. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 512 (N.D. Iowa 2000) (imposing sanctions for boilerplate objections); *Liguria Foods, Inc. v. Griffith Labs., Inc.*, 320 F.R.D. 168, 170 n.1 (N.D. Iowa 2017) (boilerplate objections are those that do not specify "how the discovery request is deficient" and do not specify "how the objecting party would be harmed if it were forced to respond to the request"). *See* Ex. 12.

8. Local Rule 37-3.04(C) provides that the Court "may summarily overrule an objection to any discovery request if the objection is not stated in detail."

3

9. Pursuant to the orders of this Court, discovery is necessary to adequately adjudicate MSD Defendants' arguments that they are entitled to qualified immunity, and Plaintiff has only until October 22, 2018, to complete such discovery (a little over a month away). Docs. 76 and 79.

10. Given this tight deadline, Plaintiff must have these disputes resolved in sufficient time so that discovery can be completed by October 22, 2018.

11. Plaintiff certifies that despite its good faith efforts to resolves these disputes with MSD Defendants absent the Court's intervention, it cannot be done considering the circumstances as set forth herein.

WHEREFORE, Plaintiff moves the Court enter an order compelling the MSD Defendants to withdraw their objections, and fully and completely answer the Discovery at Issue, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

PLEBAN & PETRUSKA LAW, LLC

by: /s/ Steven R. Kratky
C. John Pleban, MO # 24190
cpleban@plebanlaw.com
Lynette M. Petruska, MO # 41212
lpetruska@plebanlaw.com
Steven R. Kratky, MO#61442
skratky@plebanlaw.com
2010 S. Big Bend Blvd.
St. Louis, MO 63117
314-645-6666, FAX: 314-645-7376

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served upon all counsel of record this 11th day of September, 2018, through operation of the Court's electronic filing system.

/s/ Steven R. Kratky

4